# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **KENNETH L. HILSEN,**<br><br>  Plaintiff,<br><br>v.<br><br>**AMERICAN SLEEP ALLIANCE, LLC, et al.**<br><br>  Defendants. | **MEMORANDUM DECISION**<br><br>Case No. 2:15-cv-00714-DBP<br><br>Magistrate Judge Dustin B. Pead |

## BACKGROUND

The parties consented to this Court's jurisdiction under 28 U.S.C. § 636(c). (ECF No. 24.) Plaintiff Kenneth L. Hilsen ("Plaintiff") alleges that Defendants, various LLCs, trusts, and individuals[1] ("Defendants") wronged Plaintiff by not properly paying him royalties for a device Plaintiff created and later sold to Defendant American Sleep Association ("ASA"). Plaintiff seeks declaratory relief as well as damages for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with economic relations, fraudulent transfer, misappropriation (of name and reputation), unjust enrichment, misrepresentation (intentional and negligent), and civil conspiracy. ASA brings several counterclaims alleging that Plaintiff, not ASA, breached the contract. ASA also alleges Plaintiff committed fraud, and was unjustly enriched. (ECF No. 20.) Presently before the court is Plaintiff's motion for judgment on the

---

[1] Defendants are: American Sleep Alliance, LLC, d.b.a. American Sleep Association, LLC; Cure My Snore, LLC, d.b.a. American Sleep Union, LLC; Ryan N. Gregerson; Jason S. Ashworth; Rocky Burgess; the Ryan N. Gregerson Domestic Asset Protection Trust dated January 29, 2015; the Jason S. Ashworth Domestic Asset Protection Trust dated January 29, 2015; and John Does.

pleadings. (ECF No. 28.) For the reasons set forth on the record during oral argument and as further discussed below, the court **DENIES** Plaintiff's motion.

## DISCUSSION

Defendant (and Counterclaimant) ASA filed its answer and counterclaim on October 29, 2015. In its counterclaims, ASA alleges that Plaintiff committed fraud because he represented that his Hilsen Oral Appliance could be used to treat sleep apnea, but the U.S. Food and Drug Administration ("FDA") had not authorized the use of the device to treat sleep apnea. (ECF No. 20.) ASA alleges that Plaintiff's device could not be used to treat sleep apnea and that Plaintiff never delivered certain documents as required by the parties' agreement. (*Id.*) Finally, ASA alleges that Plaintiff was unjustly enriched because the payments made to him were predicated on a belief that the Hilsen Oral Appliance could be used to treat sleep apnea. (*Id.*)

Plaintiff argues that the counterclaims are barred by the applicable statutes of limitations. (ECF No. 28 at 11–13.) Plaintiff argues alternatively that ASA's fraud claim is precluded because ASA could not have reasonably relied on Plaintiff's alleged representations because the alleged statements conflict with the parties' written agreement. (*Id.* at 9–11.) Finally, Plaintiff argues the quantum meruit claim is barred because the parties entered a written agreement. (*Id.* at 11–14.) These arguments will be addressed in turn.

### I. Analysis

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). The court must "accept the well-pleaded allegations of the [counterclaim] as true and construe them in the light most favorable to the non-moving party." *Id.* A claimant must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

### a. Statutes of limitations

Plaintiff argues that each of ASA's counterclaims is barred by the applicable statutes of limitations, but Plaintiff has not established that he is entitled to judgment in his favor based on the pleadings alone.

*1. The pleadings do not show that the fraud claims are untimely*

In Utah, the statute of limitations for fraud is three years, but the "the cause of action does not accrue until the discovery by the aggrieved party of the facts constituting the fraud . . . ." Utah Code Ann. § 78B-2-305(3). "[T]he three-year statute of limitations for fraud 'begins to run from the time the person entitled to the property knows, or by reasonable diligence and inquiry should know, the relevant facts' of the fraud perpetrated against him." *Baldwin v. Burton*, 850 P.2d 1188, 1196 (Utah 1993) (footnote omitted). Of course, "it is not necessary for a claimant to know every fact about his fraud claim before the statute begins to run." *Id.* at 1197.

ASA alleges that Plaintiff fraudulently represented that his Hilsen Oral Appliance could be used to treat sleep apnea and that ASA did not have notice of the fraud until it received a letter from the FDA in December 2012. Thus, ASA concludes, the October 2015 counterclaim is timely. (ECF No. 20 at 15.) Plaintiff argues that the Sales Agreement between the parties provided notice to ASA that the Hilsen Oral Appliance could not be used to treat sleep apnea. Plaintiff asserts ASA received further notice from the "plain language of the 510(k)"[2] and a certain email (ECF No. 28 at 12.) Plaintiff's arguments will be addressed in turn.

---

[2] The reference to 510(k) application appears to refer to a process by which a medical device maker can market certain devices regulated by the FDA if those devices are the "substantial equivalent" of a legally marketed device that existed before the Medical Device Amendments of 1976. *See, e.g.*, *Creech v. Stryker Corp.*, No. 2:07CV22 DAK, 2012 WL 33360, at *2 (D. Utah Jan. 6, 2012).

First, the Sales Agreement actually appears to support, rather than undermine, ASA's claim. As ASA suggests, the Sales Agreement contains a reference to a "Snoring and **Sleep Apnea Device** Patent." (ECF No. 30 at 5 (citing ECF No. 20, Ex. 1) (emphasis added).) Interpreting the facts in the light most favorable to ASA, the Sales Agreement indicates that the Hilsen Oral Appliance[3] was represented as a device that could be used to treat sleep apnea. Thus, the Sales Agreement did not put ASA on notice of the alleged fraud.

Second, ASA's counterclaim contains no indication that ASA received the 510(k) that Plaintiff now alleges provided ASA with notice of the alleged fraud. In fact, the counterclaim alleges the opposite. ASA alleges that Plaintiff failed to deliver the 510(k). (ECF No. 20 at 14–15.) Also, the 510(k) itself is not part of the counterclaim pleadings and thus not part of the record for purposes of this motion. *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, the pleadings alone do not indicate that ASA was on notice, or even received the 510(k).[4]

Third, the email Plaintiff references is also not part of the record that may be considered on a motion for judgment on the pleadings. *See* 948 F.2d at 1565. Thus, the court will not consider it here. Accordingly, the court must accept as true ASA's claim that it did not have notice of the fraud until December 2012 for purposes of the present motion.

### 2. *Plaintiff has not shown that the breach of contract claim is untimely*

Plaintiff asserts that the four-year statute of limitations applicable to a contract for the sale of goods, found in Article Two of Utah's Uniform Commercial Code, applies to the parties'

---

[3] The parties clarified that the term "Hilsen Oral Appliance" refers to a device described in the 510(k) for a "Snoring Control Device," and patent for a "Snoring and Sleep Apnea Device," contemplated by the parties' Sales Agreement. (*See* ECF No. 20, Ex. 1; ECF No. 47.)

[4] For this reason, the court cannot conclude that Paragraph fifteen of the agreement precludes ASA's claim. If delivery was not made, the ten-day period never began. (*See* ECF No. 20, Ex. 1.)

Sales Agreement. *See* Utah Code Ann. § 70A-2-725(1). During oral argument, Defendants challenged application of the four-year statute of limitations. Plaintiff objected that he had insufficient notice of this argument prior to the hearing. To ameliorate the surprise to Plaintiff, the court ordered supplemental briefing, which the parties submitted. (*See* ECF Nos. 47, 50, 54.)

As Defendants point out, Article Two applies only to contracts for the sale of goods. (ECF No. 50); Utah Code Ann. § 70A-2-102. Goods are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale . . . ." Utah Code Ann. § 70A-2-105(1). Several federal courts interpreting the Uniform Commercial Code ("UCC") have found that a patent is not a good under Article 2 of the UCC. *E.g.*, *Snyder v. ISC Alloys, Ltd.*, 772 F. Supp. 244, 247 (W.D. Pa. 1991); *U.S. Test, Inc. v. NDE Environmental Corp.*, 196 F.2d 1376 (Fed. Cir. 1999). Similarly, the Tenth Circuit has found that a license to use a trademark is not a good under Oklahoma's UCC. *See Eureka Water Co. v. Nestle Waters N. Am., Inc.*, 690 F.3d 1139, 1147 (10th Cir. 2012). Plaintiff does not cite any case in which a patent, interest in a 510(k), or other license has been found to be a good under the UCC. Accordingly, the court concludes that the patent and 510(k) interest are not goods as defined by the Utah UCC. Accordingly, Plaintiff has not shown that the statute of limitations provided in Article Two of the UCC applies to this action. Accordingly, the court applies Utah's six-year statute of limitations for written contracts. *See* Utah Code Ann. § 78B-2-309(2).

Plaintiff proposes several dates upon which the statute of limitations began to run, but the earliest possible date appears to be January 1, 2010, when Plaintiff was required to deliver the "Goods" pursuant to the Sales Agreement.[5] Even assuming the statute began to run on this date,

---

[5] This date may be too early. While the Sales Agreement requires delivery of the "Goods" by January 1, 2010, the agreement was not even fully executed until February 9, 2010. ASA

the court does not find that the statute of limitations has expired because ASA filed its counterclaim on October 29, 2015; fewer than six years from the date Plaintiff alleges performance was due. (*See* ECF No. 28.)

Plaintiff makes several counterarguments in his supplemental briefing, but the court does not find them persuasive. First, Plaintiff argues that certain language in the parties' agreement demonstrates that the UCC applies to the agreement. (ECF No. 54.) Thus, Plaintiff concludes, Article Two's four-year statute of limitations applies. Yet, Plaintiff offers no authority to suggest that private parties can alter the scope of Utah's UCC by agreement. Plaintiff invokes the statute of limitations in the UCC, but as stated previously that provision only applies to contracts for the sale of goods. The term "goods" is defined by the UCC and, as already mentioned, patent and license interests are not included in that definition. Thus, notwithstanding any agreement between the parties here, the UCC by its terms does not apply to the Sales Agreement because the Sales Agreement does not involve the sale of goods as defined by the UCC.

Nonetheless, Plaintiff points out that the parties can agree to alter the limitations period. The court agrees with this general principle. *See Deer Crest Assoc. I, LC v. Silver Creek Dev. Group, LLC*, 222 P.3d 1184, 1187–88 ("Utah courts follow the general principle that parties may contractually limit the time in which to bring an action in contract to a period shorter than that of the applicable statute of limitations, so long as the limitation is reasonable.") Notwithstanding this general principle, the Sales Agreement does not explicitly address any limitations period.

Here, the Sales Agreement states that Utah, law, including its UCC, applies to the agreement. It further provides, "[e]xcept where otherwise stated in this Agreement, all terms employed in this Agreement will have the same definition as set forth in" Utah's UCC. (ECF No.

---

suggests that the limitations period will not begin to run until Plaintiff delivers the 510(k) required by the parties' agreement. (*See* ECF No. 30.)

20, Ex. 1.) As Plaintiff points out, the parties used a number of terms defined in the UCC. (*Id.*) The court can easily conclude that the parties agreed to interpret terms in the Sales Agreement in lockstep with the UCC. The intent to use the Utah UCC's definitions is explicit in the Sales Agreement. Yet, the court cannot conclude at this stage of the case that the parties also intended to apply the statute of limitations in Article Two. It is plausible that the parties intended to apply the UCC's definitions to interpret the Sales Agreement, but did not intend to apply the UCC's shorter statute of limitations. The Sales Agreement does not explicitly resolve this issue.

The Sales Agreement does not mention a limitations period. Instead, it contradictorily states that the parties will use terms as defined by the UCC, and then expressly defines the term "Goods" as items that are not considered goods under the UCC. To apply Article Two's statute of limitations as Plaintiff requests, the court would have to go beyond the plain language of the Sales Agreement and the UCC. Accordingly, Plaintiff seeks an interpretation of the Sales Agreement that is, at least, premature. The court cannot go beyond the language of the Sales Agreement in the context of Plaintiff's motion for judgment on the pleadings, particularly where the requested interpretation is unfavorable to Defendants. *See* 226 F.3d at 1160. Thus, the court does not find, on the limited record before it, that the parties shortened the limitations period.

Next, Plaintiff argues that the Sales Agreement's "predominant purpose" is the sale of goods, even if it partially addresses non-goods. (ECF No. 54.) The court disagrees. The Sales Agreement does not contemplate the sale of even a single tangible good. Instead, it requires ASA to pay Plaintiff a patent royalty if and when ASA sells a Hilsen Oral Appliance to third parties.

Third, Plaintiff argues that ASA waived any argument regarding application of the six-year statute of limitations. Plaintiff cites no authority to support this argument. Further, as often discussed in the Rule 15 context, courts prefer to resolve issues on the grounds of substance

rather than procedure. *See, e.g.*, *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). Occasionally procedure must be rigidly enforced to preserve its value. In that regard, Defendants are admonished that, going forward, arguments not included in briefing might not be considered. Nonetheless, the court does not believe it would be appropriate to apply the incorrect statute of limitations based on Defendants' procedural misstep.

3. *Plaintiff has not shown that the quantum meruit claim is untimely*

Under Utah law, the limitations period for a quantum meruit claim is four years. Utah Code Ann. § 78B-2-307(3); *see Bartel v. Hill*, 2002 WL 1000177 at *1 (Utah Ct. App. 2002). While Plaintiff identifies the statute of limitations for quantum meruit claims and asserts that all of ASA's claims are time barred, he does not specifically analyze the quantum meruit claim in his statute-of-limitations argument. Defendant likewise offers little analysis of this issue.

The counterclaim does not provide any payment dates. Yet, Plaintiff's complaint indicates that he received payments from ASA as late as February 2013. The counterclaim was filed on October 29, 2015. Thus, even according to Plaintiff's facts, he received funds from ASA within the four years preceding ASA's counterclaim. The court will not undertake an analysis on behalf of Plaintiff to determine whether a portion of the claim might be barred. Instead, the court will deny the motion for judgment on the pleadings on this particular topic because Plaintiff has not demonstrated that the claim is barred.

**b. The Sales Agreement does not preclude ASA's reasonable reliance as a matter of law**

Plaintiff argues, alternatively, that ASA's fraud claim should be dismissed because ASA could not have reasonably relied upon Plaintiff's oral statements because the Sales Agreement contained contrary written information. "[U]nder Utah law 'a party cannot reasonably rely upon oral statements by the opposing party in light of contrary written information.'" *Shelter*

*Mortgage Corp. v. Castle Mortgage Co., L.C.*, 117 F. App'x 6, 10 (10th Cir. 2004) (citing *Gold Standard, Inc. v. Getty Oil Co.,* 915 P.2d 1060, 1068 (Utah 1996)). "While the question of reasonable reliance is usually a matter within the province of the jury, there are instances where courts may conclude that, as a matter of law, there was no reasonable reliance." *Armed Forces* at 45. In *Mikkelson v. Quail Valley Realty*, the Utah Supreme court found that a home purchaser could not reasonably rely on a real estate agent's representations regarding a home's square footage where the correct square footage was listed on an FHA appraisal report. 641 P.2d 124, 126 (Utah 1982).

Unlike *Mikkelson* however, the Sales Agreement in this case does not contain clear information that is contrary to ASA's fraud claim. ASA complains that Plaintiff made misrepresentations that the "Hilsen Oral Appliance was FDA cleared for both sleep apnea and snoring . . . ." (ECF No. 20 at 14.) Plaintiff asserts that "there is no mention of sleep apnea with respect to the 510(k)." (ECF No. 28 at 11.) While this statement is true, it does not carry the day for Plaintiff. First, the patent interest described in the Sales Agreement explicitly mentions sleep apnea. The Sales Agreement describes that interest as a"[p]atent interest in the Snoring and Sleep Apnea Device Patent." (*Id.* at Ex. 1.) This bolsters ASA's claim that Plaintiff represented the Hilsen Oral Appliance as useful for treating sleep apnea; it does not contradict ASA's claim. Also, while it is true that the portion of the Sales Agreement defining the "Goods" further defines them as an interest in a "510K for Snoring Control Device 510(k)," this clause does not indicate the device cannot be used to treat sleep apnea. Instead, it is merely silent on the sleep-apnea issue. When read together with the patent-interest clause, the 510(k) clause cannot be read as disclaiming the Hilsen Oral Appliance's ability to treat sleep apnea. Thus, interpreting the Sales Agreement in the light most favorable to ASA, the agreement suggests that the Hilsen Oral

Appliance can be used to treat sleep apnea. Accordingly, the court cannot find as a matter of law that ASA's reliance was unreasonable.

### c. The parties' written agreement does not preclude the quantum meruit claim at this stage of the litigation

Plaintiff argues that the quantum meruit claim should be dismissed because the parties have an enforceable agreement. Defendants do not address this argument in their brief. During oral argument, counsel for Defendants suggested that dismissal is appropriate only if there is some certainty that a contract exists. ASA contended that the contract may be founded on the parties' mutual mistake, in which case it could be void. (ECF No. 47.)

Authority cited by Plaintiff indicates that dismissing the quantum meruit claims at this stage would be error. *See Northgate Vill. Dev., LC v. Orem City*, 325 P.3d 123, 133 (Utah Ct. App. 2014). The *Northgate* court noted that dismissing a quantum meruit claim at the pleading stage was error, but found that the error in that case was harmless. The court remarked that:

> At the outset of litigation, whether an enforceable contract exists or whether a contract covers the parties' dispute may be unclear. Because a claim should be dismissed only if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim," a district court should not dismiss alternative equitable claims if the existence or applicability of a contract remain in dispute.

*Northgate Vill. Dev., LC v. Orem City*, 325 P.3d 123, 133 (Utah Ct. App. 2014). Accordingly, at this stage it is premature to conclude there is an enforceable contract that applies to preclude ASA's quantum meruit claim.

## **ORDER**

Based on the foregoing, Plaintiff's motion for judgment on the pleadings is **DENIED**. (ECF No. 28.) The present record does not demonstrate that Plaintiff is entitled to judgment in his favor on Defendants' counterclaims.

Dated this 19th day of July 2016.   By the Court:

_____
Dustin B. Pead
United States Magistrate Judge