IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **KENNETH L. HILSEN,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**AMERICAN SLEEP ALLIANCE, LLC, et al.**<br><br>    **Defendants.** | **MEMORANDUM DECISION**<br><br>**Case No. 2:15-cv-00714-DBP**<br><br>**Magistrate Judge Dustin B. Pead** |

## BACKGROUND

The parties consented to this court's jurisdiction under 28 U.S.C. § 636(c). (ECF No. 24.) Presently before the court are two motions to amend the answer and counterclaim filed by Defendants American Sleep Alliance, Ryan N. Gregerson, and the Ryan Gregerson Asset Protection Trust ("Defendants"). (ECF Nos. 45, 63.) The court did not hear oral argument. After considering the briefs the parties submitted the court **GRANTS** Defendants' motions.

## ANALYSIS

Defendants initially filed their counter-complaint on October 29, 2015. Defendants first sought leave to file an amended complaint on June 21, 2016, the day before the court entertained oral argument on the parties' competing dispositive motions. (ECF Nos. 45, 47.) The court denied Defendants' motion to dismiss during the June 22 hearing. (ECF No. 47.) The court denied Plaintiff's motion for judgment on the pleadings by Memorandum Decision entered on July 19, 2016. Approximately one month after the court entered its Order, Defendants filed an additional motion to "permit revisions" to their proposed amended answer and counter-

complaint. While this second motion appears to be another motion to amend, Defendants never withdrew their first motion to amend.

Plaintiff Kenneth L. Hilsen ("Plaintiff") opposes both motions to amend. (ECF Nos. 52, 66.) Plaintiff argues the motions should be denied on the grounds of undue delay, prejudice to Plaintiff, and futility.

### I.     Defendants' motions to amend

Rule 15 instructs the court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). As such, the court enjoys "wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). Nonetheless, a motion to amend may be properly denied where the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter* at 1204 (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).

#### a. Timeliness

Plaintiff correctly notes that the court has discretion to deny an amendment based on undue delay. *See Minter v. Prime Equipment Co.*, 451 F.3d 1228 (10th Cir. 2007). Yet, this necessarily requires the court to consider the delay's "attendant burdens on the opponent and the court." *Id.* at 1205. Plaintiff has not convinced the court that denial is warranted here.

Defendants moved to amend their answer and counter-complaint approximately eight months after it was first filed.[1] (ECF No. 52.) During this same eight-month period no discovery could have occurred because the parties' scheduling conference did not take place until the day after Defendants filed their motion to amend. (*See* ECF Nos. 44, 47.) Likewise, the motion to amend was not filed after the expiration of any deadline for amended pleadings because a scheduling order had not yet been entered.

Finally, Plaintiff asserts several times that Defendants have no explanation for the timing of their amendment. The court disagrees. Defendants retained additional counsel, who filed both motions to amend. While addition of counsel may not justify upsetting the status quo in a more mature case, it does explain and justify a revision of a pleading at the beginning of the discovery period. Based on these facts, the court is not persuaded that denial of Defendants' motion to amend is appropriate under these circumstances.

1. *Plaintiff's opposition to the second motion to amend or "permit revisions" does not persuade the court that the amendment is untimely*

The court is likewise not persuaded that the additional two months between the first and second motion to amend justify denial of the motion as untimely. The case was still in its infancy and discovery was in its early stages. Plaintiff adds the additional argument that Defendants have made "a moving target" of their pleading. *Minter* at 1206. This argument likewise does not adequately demonstrate any burden on the court or the parties that justifies denial of the amendment. First, Plaintiff complains that Defendants removed two claims. The court finds the removal of claims against him creates zero burden on Plaintiff.

---

[1] Plaintiff does not suggest that eight months–or any other time period–constitutes an undue delay based solely on passage of time.

Next, Plaintiff suggests that Defendants' attempt to reassert an unjust enrichment claim in the second proposed amended counter-complaint (which claim Defendants sought to remove in the first iteration of their proposed amended counter-complaint) imposes a burden. Plaintiff's argument has superficial appeal. Generally, the reassertion of a claim burdens an adversary. Yet, in this case, the unjust enrichment counterclaim is currently pending against Plaintiff and has been since Defendants first filed their counter-complaint. (ECF No. 20.) The court does not find that maintaining the status quo imposes any burden on Plaintiff. Accordingly, the court concludes Defendants have not made a moving target of their counter-complaint.

### b. Prejudice

Plaintiff's prejudice argument fairs no better. The court agrees that prejudice caused by amendment may be the "most important" factor governing amendments. *Minter*, 415 F.3d at 1207. Nonetheless, Plaintiff demonstrates no prejudice here. Plaintiff's only assertion of prejudice is that the amended answer and counter-complaint will expand the scope of discovery. Plaintiff does not cite to a single case in which a court found a motion to amend filed at the outset of discovery created prejudice by expanding the scope of discovery that had not yet begun. The court declines to pioneer this proposed approach.[2]

### c. Futility

As Defendants point out, the court's memorandum decision denying Plaintiff's motion for judgment on the pleadings has changed the landscape regarding several arguments, in particular Plaintiff's arguments regarding various statutes of limitation.[3] (ECF No. 58 at 6–12.) Plaintiff

---

[2] Likewise, the additional two-month delay between the first and second motions to amend does not create a burden severe enough to refuse the requested amendment.

[3] This should not be read as a wholesale endorsement of Defendants' position regarding the court's memorandum decision denying Plaintiff's motion for judgment on the pleadings. That Order speaks for itself.

does not address futility in his opposition to the second motion to amend, or "permit revisions." (*See* ECF No. 66.) Plaintiff's omission is understandable given the somewhat odd procedural path Defendants have taken in seeking to amend their pleadings. Nonetheless, the court is unsure whether Plaintiff has abandoned some or all of these futility arguments. "Accordingly, the [c]ourt—preserving its scarce resources—will not at this time consider the question whether the amendments should be denied on grounds of futility because they fail to state plausible claims for relief." *Stender v. Cardwell*, No. 07-CV-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011). "The [c]ourt will consider that question if and when Defendants file a motion to dismiss on those grounds." *Id.*; *see Christison v. Biogen Idec Inc.*, No. 2:11-CV-01140-DN-DBP, 2016 WL 3546242, at *4 (D. Utah June 23, 2016) (collecting cases) ("Several courts have wisely declined to engage in a futility analysis at the motion to amend phase."). The court believes the most expedient course of action here is to allow the amendment, and invite Plaintiff to file any appropriate motion or responsive pleading to the amended counter-complaint.

## ORDER

Based on the foregoing, the court **GRANTS** Defendants' motions to amend. (ECF No. 45, 63.) Defendants may immediately file an amended answer and counter-complaint in the form attached to their second motion to amend. (ECF No. 63, Ex. 1.)

Dated this 16th day of November 2016.     By the Court:

_____
Dustin B. Pead
United States Magistrate Judge