IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **KENNETH L. HILSEN,**<br><br>  **Plaintiff,**<br><br>v.<br><br>**AMERICAN SLEEP ALLIANCE, LLC, et al.**<br><br>  **Defendants.** | **MEMORANDUM DECISION**<br><br>Case No. 2:15-cv-00714-DBP<br><br>Magistrate Judge Dustin B. Pead |

  This case is presently before the court on two motions. First, the court will consider the "Motion for Extension of time to Answer Plaintiff's Discovery" filed by Defendants Cure My Snore, LLC d/b/a American Sleep Union, Rocky Burgess, Jason S. Ashworth, and the Jason S. Ashworth Asset Protection Trust dated January 29, 2015 (collectively "ASU Defendants"). (ECF No. 70.) ASU Defendants labeled this motion ex parte, but cite no authority to suggest ex parte treatment is appropriate for such a motion. Fortunately, Plaintiff mitigated potential prejudice by filing an opposition to the motion, which the court will consider. (ECF No. 73.)

  Second, the court considers Plaintiff's "Motion to Compel Production of Documents and Answers to Interrogatories and for Sanctions," seeking to compel discovery responses from ASU Defendants. (ECF No. 83.) Plaintiff also seeks sanctions for ASU Defendants' failure to timely respond to the discovery requests at issue. (*Id.*) Subsequent to the present motion, ASU Defendants provided discovery responses, though Plaintiff claims that ASU Defendants' production remains incomplete. (*See* ECF Nos. 62; 86; 92; 96; 103.) Given the importance of certain background facts to Plaintiff's motion to compel, the court will first turn to the factual history of Plaintiff's discovery attempts.

I.     **Background**

Prior to the present motion, Plaintiff filed a motion to compel initial disclosures from the ASU Defendants. (ECF No. 60.) In response to that motion, ASU Defendants' counsel, Mr. Farris, claimed that he did not see a letter requesting his clients provide initial disclosures. He admits the letter was sitting unread in his email. (ECF No. 61, Ex. 1.) ASU Defendants made their initial disclosures after the motion to compel was filed. (ECF No. 62.)

On August 26, 2016, Plaintiff served his first set of discovery requests. (ECF No. 83 at 4 & Ex. 1.) On September 12, 2016, Plaintiff filed his first set of discovery requests with the court, as an exhibit to his opposition to a motion to amend counterclaims. (ECF No. 66, Ex. 1.) Mr. Farris claims he first became aware of these requests on September 29, 2016, when he noticed codefendants filed, the day before, a motion to extend time to answer the requests. (ECF No. 70, Ex. 1.) On September 30, 2016, ASU Defendants filed their own motion seeking to extend the then-expired deadline for answering the requests. (ECF No. 70.) In the motion, Mr. Farris once again states that he failed to review an email that he admits he received. (*Id.*) His explanation is nearly identical to one given contained in ASU Defendants' opposition to Plaintiff's motion to compel initial disclosures, previously discussed. (*See* ECF No. 61, Ex. 1.)

On October 6, 2016, the court entered an Order addressing the tardy initial disclosures. The court ordered "that Mr. Farris comply with all obligations and deadlines in this case" and further warned that "[i]f Mr. Farris fails to comply with court deadlines or fails to respond to counsel's efforts to contact him, he, and his client, may be sanctioned." (ECF No. 77.) On October 7, 2016, ASU Defendants served Plaintiff with responses to his requests for admission. (ECF No. 83 at 5.) During a mandatory conference on October 17, 2016, Mr. Farris disclosed to opposing counsel that he was travelling in Africa. Mr. Farris acknowledged that his clients' discovery responses

had not been provided, but promised to work with his staff in Utah to ensure they were provided by October 21, 2016. (ECF No. 83 at 6.) No responses were provided on October 21. Instead, Mr. Farris's assistant emailed Plaintiff's counsel stating that Mr. Farris was experiencing technical difficulties and would provide the promised responses in three days. (*Id.* at 7)

Beginning on October 25, 2016, Plaintiff's counsel made additional efforts via telephone and email to contact Mr. Farris and his staff, but received no response. (ECF No. 83 at 7–8.) Finally, on November 2, 2016, a member of Mr. Farris's staff contacted Plaintiff's counsel promising discovery responses the following day. (*Id.* at 8.) On November 3, 2016, ASU Defendants provided their responses, but the materials produced did not contain responses to a number of requests, and lacked verification for the interrogatory responses. (ECF No. 83, Ex. 14.) Plaintiff's counsel immediately attempted to contact Mr. Farris about the deficiencies and made repeated attempts over several days to contact Mr. Farris to address the deficiencies. (ECF No. 83 at 9–11.) Mr. Farris did not respond to these efforts until November 10, 2016, when he emailed Plaintiff's counsel to arrange a time for a telephone conference on November 11. (*Id.* at 11.) During the telephone conference, Mr. Farris promised to have discovery responses by 10:00 a.m. on November 15, 2016. (*Id.* at 12.) Plaintiff's counsel indicated they would file a motion to compel if they did not receive the discovery responses by that time. (*Id.*)

At 9:30 a.m. on November 15, 2016, Mr. Farris emailed Plaintiff's counsel and indicated the discovery responses would be delayed until possibly 1:00 p.m. (*Id.*) After some discussion, Plaintiff's counsel agreed to wait until 1:00 p.m. to file the motion to compel. Mr. Farris did not provide responses by the 1:00 p.m. deadline. (*Id.* at 13.) Accordingly, at 1:36 p.m. on November 15, 2016, Plaintiff filed the present motion to compel responses to his interrogatories and requests for production of documents, first served in late August. (ECF No. 83.)

Given the delay evident in the record, the court entered several interim orders regarding production. First, the court instructed Mr. Farris to respond with any reason his clients should not have been immediately compelled to provide the information sought in this motion. (ECF No. 84.) Mr. Farris responded timely to the court's order indicating that ASU Defendants provided responsive information on November 15, after Plaintiff filed his motion to compel. (ECF No. 86.) ASU Defendants did not argue the information was not subject to discovery. On December 1, ASU Defendants filed a formal opposition to the present motion to compel, setting forth a chronology of the disputed discovery requests and attempts to provide responses. (ECF No. 92.) To his credit, Mr. Farris accepts responsibility in this filing for the delay in providing discovery responses. (ECF No. 92 at 7–11.) ASU Defendants again did not argue that the information should not be produced for any reason.

The following day, Plaintiff filed a supplemental brief (at the court's invitation) indicating that certain materials still had not been provided in the November 15 production. (ECF No. 96.) The court granted Plaintiff's request to immediately compel production of documents responsive to document request number five. (ECF no. 97.) ASU Defendants filed a notice indicating they had complied with the court's order. (ECF No. 99.)

On December 15, Plaintiff filed his reply in which argues that he is entitled to recover his expenses for bringing the motion, including attorney's fees. (ECF No. 103.) Likewise, Plaintiff argues that, despite all efforts, ASU Defendants have still failed to answer certain requests and provided an incomplete answer to at least one request.

II. Analysis of ASU Defendants' motion for extension of time

As mentioned above, ASU Defendants filed on September 30, 2016, a motion seeking to extend the then-expired deadline for answering the discovery requests by seven days. (ECF No.

70.) During this seven-day window, ASU Defendants provided only responses to Plaintiff's requests for admission. ASU Defendants did not provide any further documents or interrogatory responses. Thus, the motion is moot with regard to interrogatory responses and document production because ASU Defendants missed even their proposed extended deadline. The court thus examines only whether the deadline for responses to Plaintiff's requests for admission should be extended retroactively to give effect to the responses served on October 7, 2016.

ASU Defendants and Plaintiff appear to agree that this question is governed by Federal Rule of Civil Procedure 6(b)(1)(B), meaning ASU Defendants must show they "failed to act because of excusable neglect." To demonstrate such neglect, Mr. Farris provides a declaration suggesting that he was unaware of the discovery requests until September 29, 2016, when he saw the electronic notification indicating that certain co-defendants filed, the previous day, a request to extend time to file responses to the discovery at issue. (ECF No. 70, Ex. 1.) Mr. Farris does not dispute the discovery was properly served. Instead, he asserts that the requests were in his email, but he did not find them until September 29. (*Id.*) His explanation is very similar to the explanation he gave in responses to Plaintiff's motion to compel ASU Defendants' initial disclosures. (*See* ECF No. 61, Ex. 1.) Mr. Farris also offered other various vague explanations that he was "out of state working and tending to other matters," on unspecified dates during August and September. (ECF No. 70, Ex. 1.)

Plaintiff opposes the motion, arguing that Plaintiff's busy schedule and "inability to manage an office e-mail system to properly receive notices of filings does not qualify as excusable neglect." (ECF No. 73 (quoting *E.C. v. Child Development Schools, Inc.*, No. 3:10-cv-759, 2011 WL 4501560, *5 (M.D. Ala., Sept. 29, 2011).)

In the Tenth Circuit, "'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). Four factors are commonly used to evaluate whether a party's neglect is excusable: "the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The court turns to these factors.

The first and second factors are intertwined in this case and favor ASU Defendants' request for extension. The only prejudice Plaintiff claims is delay. The danger of prejudice occasioned by such delay is quite low here. Plaintiff received ASU Defendants' answers only days after they were due. Plaintiff does not identify any discrete prejudice arising from the tardy admissions, but instead appears more concerned with receiving untimely and voluminous records.

The third factor, reason for the delay, weighs against granting the requested extension. The delay was caused by Mr. Farris's failure to locate an email from Plaintiff's counsel and his failure to locate the discovery requests attached to the September 12 filing. Mr. Farris's email is within his control. Worse, the email failure was the second in this case. Further, Mr. Farris does not explain why the September 12 filing did not alert him to the outstanding discovery requests.

The final factor militates in favor of granting the extension. Mr. Farris claims that the delay was occasioned by a good-faith oversight. Plaintiff does not suggest otherwise.

Based on these circumstances, the court finds, by a very narrow margin, that the extension should be granted. While the delay was entirely within ASU Defendants' counsel's control, the delay was minimal and counsel acted to promptly provide Plaintiff with answers to his requests

for admission. Accordingly, the court will grant the request for extension nunc pro tunc. ASU Defendants' admissions served on October 7, 2016, will be treated as timely.

### III. Analysis of Plaintiff's motion to compel

Next, the court evaluates whether ASU Defendants must be (a) compelled to provide discovery responses; (b) ordered to pay Plaintiff's costs, including attorney's fees, incurred in preparing the motion to compel; and (c) further sanctioned under Rule 37.

#### a. ASU Defendants will be compelled to provide discovery responses

While it may seem surprising given the efforts discussed above, Plaintiff asserts in his reply that certain discovery requests remain unanswered and other answers appear incomplete. (ECF. No. 103 at 11–13.) ASU Defendants make no argument that the motion to compel should be denied based on any objection. Accordingly, to the extent any request remains unanswered, or incompletely answered, ASU Defendants will be ordered to provide answers and provide additional information to complete their previous discovery responses.

#### b. ASU Defendants and Mr. Farris must pay the costs of Plaintiff's motion

Next, Plaintiff correctly asserts that whether the court grants the motion to compel or the discovery at issue is provided after the motion is filed, the court "must" require the nonmoving party, its counsel, or both to pay the reasonable expenses incurred by making the motion, including attorney fees. (ECF No. 103 at 10 (quoting Fed. R. Civ. P. 37(a)(5)(A).) Mr. Farris and the ASU Defendants do not assert that a fee award is unjustified here. The court cannot identify any reason such an award is not justified under the circumstances. Moreover, because the "culpability . . . lies on the shoulders of counsel for the ASU Defendants," the court finds that Mr. Farris should be ordered to pay those costs. (ECF No. 92 at 10; ECF No. 70, Ex. 1.) The

court's reasoning for ordering Mr. Farris to pay those costs rather than his client, are further discussed in the following subsection.

### c. ASU Defendants will not be sanctioned further at this time

Plaintiff requests sanctions under Rule 37(d)(1)(A)(ii) for failing to serve answers to Plaintiff's interrogatories and document requests. Specifically, Plaintiff asks the court to later instruct any "jury that the ASU Defendants only meaningfully participated in discovery after being ordered by the Court . . . that the[ jur]y may infer from this that the ASU Defendants were attempting to conceal information  . . . [and prohibit] the ASU Defendants form offering any evidence or argument to dispute this instruction or to support any counterclaim or affirmative defense." (ECF No. 83 at 19.)

ASU Defendants have not discharged their discovery duties admirably. First, Mr. Farris indicates that he failed to see the discovery requests, but he admits that a copy had been emailed to him. This failure is more troubling given its parallels to the letter regarding initial disclosures that was emailed to Mr. Farris, which he also claimed he did not see. Likewise, Mr. Farris never explains why he did not notice the copy of the same requests submitted to the court as an exhibit to a motion filed on September 12. (ECF No. 66, Ex. 1.)

Next, and perhaps most troubling, are the periods from October 25 until November 2, and again between November 3 and November 10, during which Mr. Farris simply failed to respond at all to Plaintiff's counsel. *See* Part I, *supra*. Mr. Farris offers no explanation for this failure. (*See* ECF No. 92.) Such a failure to communicate with opposing counsel thwarts the litigation process entirely and is not consistent with Mr. Farris's professional obligations.

Additionally, the responses remain incomplete. Even now, ASU Defendants have not responded to certain requests and have provided incomplete responses to others. Thus, even if

the court accepted Mr. Farris's proffered explanation, nothing in it explains why months after the discovery was propounded, ASU Defendants have not provided answers.

Finally, the court is unpersuaded by Mr. Farris's attempts to excuse the discovery delays with his personal travel to Africa. (ECF No. 92 at 5.) First, Personal travel plans provide no justification for missing litigation deadlines. This is particularly true when those plans are mentioned only after deadlines have passed. Second, Mr. Farris's claim is undermined by his own request for an extension. Mr. Farris requested an extension only until early October 2016. His African travels occurred during mid and late October. Thus, the court is not persuaded Mr. Farris's travel occasioned the delay here, though it certainly added to those delays.

On balance, the court finds that further sanctions are not appropriate. First, Mr. Farris claims that the delay was not intentional. There is no contrary evidence, Next, the delay occasioned by Mr. Farris's conduct spanned one and on half months at the time Plaintiff filed his motion to compel. While this is not an insignificant delay, it was only slightly longer than the original period allotted to answer discovery. Thus, crediting Mr. Farris's claim that he was unaware of the requests, the delay was not much longer than the court might expect for a party caught unaware of discovery requests. Likewise, while the conduct no doubt interfered with discovery, the interference can be (and has been to some extent) cured by extending discovery deadlines and allocating costs to the at-fault parties. It can be further mitigated by reasonable extensions. Moreover, Mr. Farris, who admits he is at fault for the delay, has already received a sanction in the form of the costs of Plaintiff's motion to compel. The court believes this will be sufficient to deter similar conduct in the future.

Nonetheless, while the court does not sanction ASU Defendants, the court warns the ASU Defendants to expeditiously provide the information compelled in this order. Further delays or

evasive responses may tip the balance in favor of additional sanctions. ASU Defendants are admonished to provide complete responses to the discovery propounded.

## ORDER

Based on the foregoing,

ASU Defendants' "Motion for Extension of time to Answer Plaintiff's Discovery" is **GRANTED IN PART AND DENIED IN PART**. (ECF No. 70.) ASU Defendants' deadline is extended until October 7, 2016, nunc pro tunc. The remaining requests in the motion are denied.

Plaintiff's "Motion to Compel Production of Documents and Answers to Interrogatories and for Sanctions" is **GRANTED IN PART AND DENIED IN PART**. (ECF No. 83.) ASU Defendants must update all interrogatory answers in light of the actual claims against them. This includes, but is not limited to, providing responses to the specific requests discussed in Plaintiff's reply memorandum, including the additional accounting documents responsive to request number five.

Mr. Farris must pay Plaintiff's reasonable expenses incurred in bringing the motion to compel. Plaintiff shall submit a memorandum of costs to the court within fourteen days of this order. ASU Defendants may file any objection or opposition to the memorandum within fourteen days of Plaintiff submitted his memorandum of costs to the court.

The remaining requests in Plaintiff's motion are denied.

Dated this 10th day of January 2017.    By the Court:

_____
Dustin B. Pead
United States Magistrate Judge