# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **KENNETH L. HILSEN,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**AMERICAN SLEEP ALLIANCE, LLC, et al.**<br><br>      **Defendants.** | **MEMORANDUM DECISION**<br><br>**Case No. 2:15-cv-00714-DBP**<br><br>**Magistrate Judge Dustin B. Pead** |

This case is presently before the court on Shawn T. Farris's "Objection to Hilsen Memorandum of Costs Relating to Motion to Compel." (ECF No. 117).

## Background

On January 10, 2017, the court ordered Mr. Farris to pay the costs, including attorney fees, related to Plaintiff's motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). (ECF No. 110.) The order stated, in pertinent part: "Mr. Farris must pay Plaintiff's reasonable expenses incurred in bringing the motion to compel." (*Id.*) Plaintiff's counsel submitted a Verified Memorandum of Costs Relating to Motion to Compel ("Verified Memorandum") requesting payment of attorney fees for a 35.3 billable hours split between two attorneys for a total fee award of $11,029.00. (ECF No. 112.) Mr. Billings' 15.6 hours were billed at $265 per hour and Mr. Stormont's 19.7 hours were billed at $350 per hour.

Mr. Farris objects to the attorney fees in the Verified Memorandum as unreasonable based on the amount of time claimed to have been expended on a relatively simple task and because the services were duplicated by multiple lawyers rather than assigned to staff or law clerks. Mr.

Farris also objects to the time claimed for preparing the Verified Memorandum and responding to this court's Docket Text Order dated November 18, 2017. (*See* ECF No. 87.)

The history that led to the sanctions against Mr. Farris can be found in the court's January 10, 2017, Order. (ECF No. 110.) The court will not repeat each fact here, but will briefly summarize. Mr. Farris repeatedly failed to respond to discovery requests and claimed multiple times to have not seen emails properly sent to him. The court warned Mr. Farris that his failure to comply with deadlines or to respond to opposing counsel could lead to sanctions against him and his client. Despite that warning, Mr. Farris repeatedly failed to meet discovery deadlines and extensions to those deadlines. That failure led to the motion to compel at issue here.

The day the motion was filed, the court issued an order to show cause requiring Mr. Farris to explain why his clients should not have been immediately compelled at that time to turn over the materials sought by the motion. (ECF No. 84.) Mr. Farris offered no reason the materials should not have been produced, but claimed he turned over all requested materials. (ECF No. 86.) Despite this claim, Plaintiff later demonstrated that certain materials had not been provided. (*See* ECF No. 96.) The court ordered immediate production of those materials. (ECF No. 97.) Despite the efforts from the court and counsel, Plaintiff stated in his reply to the motion to compel that certain discovery requests remained unanswered even though Mr. Farris and his clients raised no objection to those requests.

## Analysis

### I. Mr. Farris must pay all reasonable expenses incurred in bringing the motion to compel, but not for the parties' efforts to meet and confer

The court will calculate the appropriate fee using the "lodestar amount which is the product of reasonable hours times a reasonable rate normally provides the reasonable attorney fees . . . ." *Cooper v. State of Utah*, 894 F.2d 1169, 1171 (10th Cir. 1990). As Plaintiff points out, there is

no objection to the billing rate of the two attorneys involved in this matter. The court finds the rates are reasonable for the Salt Lake market. Thus, the court turns to the hours claimed.

The court enjoys discretion to determine the amount of reasonable hours. *See Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). Under the authority Mr. Farris cites, the court may properly consider the following factors:

> (1) whether the tasks being billed "would normally be billed to a paying client," (2) the number of hours spent on each task, (3) "the complexity of the case," (4) "the number of reasonable strategies pursued," (5) "the responses necessitated by the maneuvering of the other side," and (6) "potential duplication of services" by multiple lawyers.

*Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir.1986).

### a. Mr. Farris identifies no fees that should be reduced.

Mr. Farris argues that Mr. Stormont's Verified Memorandum requests an unreasonable amount of fees and the entire fee award should be disallowed. Mr. Farris first objects to the amount of time expended on the motion to compel and the reply. Mr. Farris asserts that a motion to compel is not very complex. To support that assertion, he cites his own self-serving affidavit. (*See* ECF No. 117 at 2–3) (citing *Id.* at Ex. 1). Ordinarily, a motion to compel may not be complex, but Mr. Farris's assertion ignores the context of the motion to compel in this case.

The number of hours expended on the motion to compel is high. Nonetheless, the court finds the time expended reasonable here. Plaintiff's counsel was required to set forth discussions amongst the parties regarding Mr. Farris's clients' failure to respond to discovery (discussions that spanned the better part of a month) as well as Mr. Farris's prior history of unresponsiveness. This ten-page background, which cited twenty-one exhibits, was very helpful to the court and understandably took considerable time to prepare. The court will not punish Plaintiff's counsel's

hard work or encourage counsel to cut corners by adopting Mr. Farris's proposed rote use of forms and delegation of litigation responsibilities to staff. As Plaintiff's counsel points out, this argument regarding delegation is somewhat tone deaf because Mr. Farris claimed that his own delegation of responsibility to staff contributed to his failure to timely respond to discovery requests. Thus, the court finds the time expended on the motion to compel reasonable under the circumstances of this case.

Similarly, the court is not persuaded that there was any unnecessary duplication of services. While two attorneys participated jointly on several matters related to the motion, there is no indication that this differed from the normal practice of Plaintiff's counsel in this case. Plaintiff and his counsel may decide who participates in a given task. There is no indication the attorneys' joint participation was undertaken to artificially inflate the cost of the motion to compel.

Next, Mr. Farris objects to the 2.3 hours claimed for responding to the court's interim orders regarding the motion to compel. Mr. Farris does not support this argument. As Plaintiff's counsel points out, these orders were in response to the motion to compel. Additionally, Mr. Farris's conduct necessitated the orders as it did the motion to compel. Accordingly, the time expended responding to the court's interim orders is a reasonable cost of the motion to compel here.

Finally, Mr. Farris objects to the 3.2 hours claimed for reviewing invoices, compiling a spreadsheet, and preparing the Verified Memorandum. First, this number is misleading. While Plaintiff's counsel claims to have spent 3.2 hours completing these tasks, counsel only seeks to recover for 2.8 hours because he elected to write off a portion of this time. Next, while Mr. Farris attempts to classify these tasks as clerical, they are not in this case. Mr. Stormont personally reviewed the bills to ensure only appropriate costs were included in the Verified Memorandum to which he personally attested. This task required not only knowledge of the facts of this case, but

also an understanding of the legal tasks discussed in the billing records. This is particularly true where certain time was written off because a senior attorney conducted research better suited to a more junior attorney. Mr. Farris does not persuade the court that a secretary should have undertaken this review. His suggested course of action only appears to increase the risk of producing an erroneous cost calculation.

### b. Attorney fees should not be awarded for meet-and-confer efforts

Notwithstanding Mr. Farris's failure to identify any problem with the Verified Memorandum, the court finds that costs related to meet-and confer efforts must be disallowed under the circumstances of this case. *See Lifetime Prod., Inc. v. Russell Brands, LLC*, No. 1:12-cv-26, 2016 WL 5349728, at *1 (D. Utah Sept. 23, 2016) (disallowing attorney fee award "for time spent in good faith meet and confer efforts, including drafting and reviewing correspondence and preparing and partaking in meet-and-confer calls"). Plaintiff's counsel's declaration includes several charges related to informal attempts to resolve this dispute without a motion. Such meetings are required regardless of whether any motion to compel is filed. Accordingly, the court will disallow charges for the following: a telephone call on October 17, 2016 (.2 for Mr. Billings and .2 for Mr. Stormont); correspondence on November 3 and 8, 2016 (.2 for Mr. Billings and 1.2 for Mr. Stormont); telephone calls and correspondence on November 10 and 11, 2016 (1.0 for Mr. Billings and 1.5 for Mr. Stormont); and correspondence and review of discovery production on November 15 and 16, 2016 (2.8 for Mr. Stormont). This amounts to a total reduction of $2,366 charged for 7.1 hours.

With the exception of the fees incurred as part of the meet-and-confer process, Plaintiff has shown the hours billed were reasonable under the circumstances of this case. Plaintiff kept the requisite billing records. The amount of time expended was reasonable given the circumstances

of this case and the complex factual history. There is no indication this type of work is not ordinarily billed to clients. Additionally, much of the work undertaken was necessitated by Mr. Farris's failure to properly respond to counsel's communications and participate in discovery.

## **ORDER**

Based on the foregoing, the court **SUSTAINS IN PART AND OVERRULES IN PART** Shawn T. Farris's "Objection to Hilsen Memorandum of Costs Relating to Motion to Compel." (ECF No. 117.) Mr. Farris must pay a total attorney-fee award of $8,663 to Plaintiff within a reasonable time, but in no event more than 90 days from this order. Any remaining objections Mr. Farris raises are overruled.

Dated this 19th day of April 2017.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge